IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOYCE E. TURNER (TDCJ No. 760766), Petitioner, V. WILLIAM STEPHENS, Director Texas Department of Criminal Justice Correctional Institutions Division, Respondent. | § § § § § § § § § § § § § | No. 3:15-cv-2634-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Joyce E. Turner has filed a 28 U.S.C. § 2254 habeas application. For the reasons stated below, Petitioner's application, which is successive, should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

In 1996, in Dallas County, Petitioner was convicted of first degree murder and sentenced to 60 years' imprisonment. Her conviction and sentence were affirmed on direct appeal, *see Turner v. State*, No. 05-96-01595-CR, 1998 WL 246461 (Tex. App – Dallas May 18, 1998, pet. withdrawn), and the Texas Court of Criminal Appeals denied her state habeas application without a written order on February 23, 2000.

This is also not Petitioner's first time before this Court. In 2000, this Court summarily dismissed Petitioner's federal habeas application as barred by the one-year limitations period. *See Turner v. Johnson*, No. 3:00-cv-1691-M, Dkt. Nos. 8 & 10 (N.D.

Tex. 2000). And the Fifth Circuit denied her a certificate of appealability in March 2001. *See id.*, Dkt. No. 16.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a "second or successive" application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)).

As the Fifth Circuit has explained,

> Section 2244 lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second. In *In re Cain*,[137 F.3d 234, 235 (5th Cir. 1998),] we defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Section 2244 specifies when a later-in-time petition will be heard. Despite its strictures, the case law clarifies that there is a category of petitions that, even though later in time, are outside the confines of § 2244 and will be heard because they are not "second or successive" within the meaning of AEDPA.

*Id.* (footnotes omitted).

A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before a petitioner files an application in federal district court. *See id.* § 2244(b)(3).

Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations. *See* 28 U.S.C. § 2244(b).

## Analysis

The Fifth Circuit has not issued an order authorizing this Court to consider this successive Section 2254 petition. Petitioner must obtain such an order before another application for post-conviction relief may be filed. Accordingly, this Section 2254 habeas application, in which Petitioner appears to again be attacking her 1996 conviction, should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 12, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE